IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HEATHER PALMER,

                Plaintiff,

   v.                                                        AMENDED ORDER

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,         16-cv-681-jdp

                Defendant.

---

Based on the parties' joint motion, the court reversed and remanded the Commissioner's decision denying plaintiff Heather Palmer's application for disability benefits and supplemental security income. Dkt. 13. The court awarded plaintiff's attorney fees in the amount of $4,667.25 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 16. On remand, the Administration awarded plaintiff $62,427 in past-due benefits.

Now plaintiff's attorney petitions the court for a representative fee award of $15,606.75, under 42 U.S.C. § 406(b). Plaintiff signed a contingent fee contract and agreed to pay her attorney "an amount equal 25% of the past-due benefits" awarded. Dkt. 19-1. The Commissioner has indicated that she does not oppose the award. Dkt. 21.

Under § 406(b), the court may award a claimant's attorney a representative fee for his or her work before the court. This section of the Social Security Act provides that "a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Plaintiff's attorney must demonstrate that within the 25 percent cap, the requested fee is reasonable. *Id.* at 807, 809; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A

court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness.").

When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire*, 873 F.2d at 979, 983).

Here, plaintiff's attorney represents that he spent 25.4 hours litigating plaintiff's case before this court. Plaintiff's attorney briefed a motion for summary judgment and provided persuasive arguments in support of remand. And plaintiff's attorney obtained favorable results for Ms. Palmer.

The court notes that the contingency fee here is equivalent to an attorney compensation rate of approximately $614.44 per hour ($15,606.75 for 25.4 hours of work). But the court will not discount the fee just because it will compensate plaintiff's attorney at a higher than usual hourly rate. Contingent fee agreements often reflect larger hourly rates; contingent fee agreements account for the attorney's risk of non-recovery, and awarding the fee consistent with the parties' agreement incentivizes attorneys to represent social security claimants. "If courts regularly invalidated reasonable contingency agreements in favor of a lodestar fee, then attorneys would no longer enter into such agreements." *McGuire*, 873 F.2d at 980. For these

reasons, district courts across the country have awarded representative fees that reflect varying hourly rates, including $446, $625, $636, and $1,500. *Koester*, 482 F. Supp. 2d at 1083 (collecting cases). Because plaintiff's attorney obtained favorable results for his client, and because the contingent fee agreement supports the requested award, the court will grant the unopposed petition for the requested attorney fee. *See Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 669 (N.D. Ill. 2004) (awarding the requested representative fee because "it is consistent with the Contract entered into between Petitioner and Plaintiff, it is consistent with the 25% statutory cap for SSA fees, and the Commissioner has no objection to the amount of the SSA award").

One final note. As plaintiff's attorney acknowledges, this award requires plaintiff's attorney to return the previously awarded $4,667.25 EAJA fee award to plaintiff. When an attorney receives fees for the same work under both § 406(b) and the EAJA, the attorney must return the smaller fee to plaintiff; the EAJA fee award "offsets" the § 406(b) award. *Gisbrecht*, 535 U.S. at 796.

ORDER

IT IS ORDERED that:

1. The court's judgment awarding attorney fees under 28 U.S.C. § 2412, Dkt. 23, is VACATED.

2. Plaintiff's attorney's unopposed petition for attorney fees under 42 U.S.C. § 406(b), Dkt. 18, is GRANTED. The court approves the representative fee award of $15,606.75, provided plaintiff's attorney refunds plaintiff $4,667.25.

Entered May 15, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge